



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

March 3, 1939

Hon. L. P. Beard
County Auditor
Bell County
Belton, Texas

Dear Sir:

Opinion No. O-332
Re: Article 3899(b) - Purchase
of supplies by county offi-
cials.

Your letter of February 11th, addressed to
Hon. Gerald C. Mann has been referred by this Department.
Permit us to quote the first paragraph of your letter,
setting forth the question upon which you desire us to
render an opinion:

"Will you please advise me, whether or
not any officer is allowed to purchase any
supplies of any kind for his office for offi-
cial use, and have same charged to the county,
without a requisition for the purchase from
the County Auditor or County Judge, unless
the sale has been discussed with the Com-
missioners' Court and the approximate cost
thereof predetermined."

The above-quoted paragraph calls primarily for
a clear enunciation of the applicability of Article
3899(b) as amended. We herein set forth the controlling
parts of said article, as applicable to your problem:

"Article 3899(b). Each officer named
in this Act, where he receives a salary as
compensation for his services, shall be em-
powered and permitted to purchase and have
charged to his county all reasonable expenses
necessary in the proper and legal conduct of

that the commissions therein provided for were to
be paid the treasurer for all sums of money received
by him for the account and the benefit of such dis-
trict and for all sums of money paid out by the dis-
trict as legitimate expenses. Under the state of
facts as presented by you, it is quite clear that
the district received no money, nor was any money paid
out by the district. It represents but a transfer
of funds from one fund to another within the district
itself. The statute makes no provision for commis-
sions to be paid the treasurer for transferring funds
within the district.

You are therefore respectfully advised that
the treasurer of the Conservation & Reclamation Dis-
trict #1 is not entitled to any commissions for hav-
ing made the transfers mentioned by you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Lloyd Armstrong_
Assistant

LA:OB

APPROVED

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

penses necessary in the proper and legal conduct of his office...." The statute does not end here, but certain conditions or qualifications upon the exercise of this power in making purchases are plainly inserted. The expenses contemplated are to be passed on, pre-determined and allowed once each month for the ensuing month. Then follows the application for allowance and manner of its presentation to and approval by the Commissioners' Court. Further, such purchases shall be made by each officer, when allowed, only by requisition in manner provided for by the county auditor, if any, otherwise by the Commissioners' Court.

By the language used above, it is evident that the Legislature intended the official should comply with the above provisions as a condition precedent to his being allowed, as a matter of right, such expenses. Their allowance can only be made where the items are reasonable and necessary and the Commissioners' Court is given discretionary power in determining if such items of expense have been incurred and whether they are reasonable and necessary as provided in the above section.

It would appear then that any arbitrary disregard of said conditions on the part of a county official would be at his own risk in demanding payment for such expenses incurred otherwise.

It is, therefore, the opinion of this Department that while certain county officials may have charged to the county all reasonable expenses necessary in the proper and legal conduct of their offices, the conditions as set forth in Article 3899(b) and above discussed, must be complied with before he can, as a matter of right, demand that they be approved and allowed, such being within the discretion of the Commissioners' Court.

Trusting that the above answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

T:AW

APPROVED:

Gerald C. Mann